**Beulah Voisin CHAMPAGNE et al.,**
**Plaintiffs-Appellants,**

v.

**PENROD DRILLING COMPANY,**
**Defendant-Appellee.**

**No. 71-3204.**

United States Court of Appeals,
Fifth Circuit.

March 14, 1972.

Opinion Filed April 25, 1972.

Rehearing and Rehearing En Banc
Denied July 31, 1972.
See 462 F.2d 1372.

Wilson M. Montero, Jr., John R. Martzell, New Orleans, La., for plaintiffs-appellants.

W. K. Christovich, Lawrence J. Ernst, New Orleans, La., for Penrod Drilling Co.

W. Gerald Gaudet, Lafayette, La., for Terrebonne.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

### ON SUGGESTION FOR HEARING EN BANC

BY THE COURT:

No Judge in regular active service on the Court having requested that the Court be polled on hearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Hearing En Banc is denied.

PER CURIAM:

Beulah Voisin Champagne, as administratrix of the estate of Paul John LeBlanc, appeals from the judgment of the district court dismissing her action against the Penrod Drilling Company for damages under the Death on the High Seas Act. Following trial the court entered its findings of fact and conclusions of law in which it concluded that the deceased, LeBlanc, was an employee of Penrod at the time of his injury within the meaning of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. The court held that the plaintiff was therefore limited to the remedy provided by § 905 of the Act and barred from maintaining her suit for damages against Penrod. Champagne correctly conceded at oral argument that the court's findings of fact are not clearly erroneous. It is our judgment that the findings of fact are supported by substantial evidence and that the legal conclusions reached are supported by the facts found. Based on the opinion of the district court, 341 F.Supp. 1282 (W.D.La. 1971), the judgment is affirmed.