540 F.2d 212
 James LORTON, Plaintiff-Appellant,
v.
DIAMOND M DRILLING COMPANY, Defendant-Third-Party Plaintiff-Appellee,
General Oilfield Services, Inc., and Hartford Insurance
Company, Intervenors-Third-Party Defendants.
 No. 76-1861.
 Summary Calendar*
United States Court of Appeals,
Fifth Circuit.
 Oct. 12, 1976.
 
 David A. Hilleren, David C. Vosbein, New Orleans, La., for plaintiff-appellant.
 J. J. Weigand, Jr., Houma, La., for defendant-third-party plaintiff-appellee.
 David R. Normann, Charles E. Leche, New Orleans, La., for Gen. Oilfield Services, Inc., and others.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before COLEMAN, GOLDBERG and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from the trial court's order granting summary judgment against the plaintiff, James Lorton, in an action for damages for personal injury against Diamond M Drilling Company. The plaintiff was injured on the premises of Diamond M while unloading a barge for that company. At the time of his injury, Lorton was employed by General Oilfield Services, Inc., a supplier of equipment and labor to customers in the offshore drilling industry. Were Lorton also an employee of Diamond M at the time of his injury, he would be barred from suing for damages under the exclusive liability provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 905(a).
 
 
 2
 The trial judge found that the plaintiff was a "borrowed servant" of Diamond M on the date of his injury. As such, the plaintiff would be treated as an employee under the Act and thereby would be limited to workmen's compensation and precluded from suing Diamond M for tort damages.[1] See Ruiz v. Shell Oil Company, 413 F.2d 310 (5th Cir. 1969). Therefore, the only question presented is whether the trial judge erred in concluding that there was no issue of material fact regarding whether Lorton was Diamond M's borrowed employee. Fed.R.Civ.P. 56. Although no specific combination of factors is determinative of whether a worker is a borrowed servant, see Dugas v. Pelican Construction Company, Inc., 481 F.2d 773, 778 (5th Cir.), cert. denied, 414 U.S. 1093, 94 S.Ct. 723, 38 L.Ed.2d 550 (1973), certain criteria have been given great weight. See, e. g., Champagne v. Penrod Drilling Company, 341 F.Supp. 1282 (W.D.La.1971), aff'd per curiam, 459 F.2d 1042 (5th Cir. 1972). After carefully examining the record, we have concluded that the trial judge correctly found that there was no genuine issue as to the satisfaction of those criteria. The judgment of the district court is affirmed.
 
 
 
 *
 Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 The plaintiff alleged jurisdiction under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b). Subsequently, plaintiff amended his complaint to allege diversity of citizenship. We shall assume that the latter is the sole basis for federal jurisdiction. In any event, the criteria to be used under the borrowed servant doctrine are the same in Louisiana as in federal law. See Champagne v. Penrod, 341 F.Supp. 1282, 1285 (W.D.La.1971), aff'd per curiam, 459 F.2d 1042 (5th Cir. 1972)